REGINALD ROBERTS, JR. (SBN 216249)
rroberts@sandersroberts.com
**SANDERS ROBERTS LLP**
1055 West 7th Street, Suite 3200
Los Angeles, CA 90017
Telephone: (213) 426-5000
Facsimile: (213) 234-4581

Attorneys for Defendants
SUZUKI MOTOR CORPORATION and
SUZUKI MOTOR OF AMERICA, INC.

### IN THE UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ERRITON HALL,<br><br>       Plaintiff,<br><br>   vs.<br><br>SUZUKI MOTOR CORPORATION, SUZUKI MOTOR OF AMERICA, INC., a California Corporation, and DOES 1 through 100, inclusive,<br><br>       Defendants. | Case No.:<br><br>**DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Disclosure Statement; and Notice of Related Cases]<br><br>Date Action Filed: February 7, 2020<br>Trial Date:     None set |

**NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Suzuki Motor Corporation, by its counsel, SANDERS ROBERTS LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 30-2020-01130663-CU-PL-CJC of the Superior Court of California, County of Orange.  In support of this removal, SMC states as follows:

**THE REMOVED CASE**

1.     The removed case is a civil action commenced in the Superior Court of California, County of Orange by Plaintiff Erriton Hall ("Plaintiff"), entitled *Hall v. Suzuki Motor Corporation, et al.*, Case No. 30-2020-01130663-CU-PL-CJC (the "State Action").  The named defendants in this action are Suzuki Motor Corporation ("SMC") and Suzuki Motor of America, Inc. ("SMAI") (collectively, "Defendants").

2.     Plaintiff filed the State Action on February 7, 2020, alleging strict products liability based on design defect and failure to warn, negligence, and breach of implied warranties against Defendants.  *See* Complaint.

**PROCEDURAL REQUIREMENTS**

3.     SMC has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b).  Or, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).  SMC was served with the Complaint on September 4, 2020 and is filing this Notice of Removal within 30 days of service.  This Notice of Removal is therefore timely.

4.     Notably, SMAI previously removed this case to the United States

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

District Court, Central District of California on April 6, 2020 based on federal question jurisdiction.  Plaintiff responded by filing a Motion to Remand Action to State Court ("Motion to Remand") on May 15, 2020.  SMAI filed an opposition to Plaintiff's Motion to Remand, which asserted an additional argument that removal was proper based on diversity jurisdiction because SMAI was fraudulently joined. The court ultimately granted Plaintiff's Motion to Remand.  However, in its order, the court did not address the merits of SMAI's fraudulent joinder argument, but instead denied it as untimely.  Accordingly, SMAI's prior removal of this case should not preclude this subsequent removal by SMC.

5.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in SMC's possession are contained in **Exhibit A** and **Exhibit B** filed herewith.

6.     Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Central District of California because this district embraces the place in which the removed action has been pending.

7.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Orange promptly after filing of same in this Court.

8.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be served on all adverse parties promptly after the filing of same in this Court.

9.     If any question arises as to the propriety of the removal of this action, SMC requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10.     Pursuant to 28 USC § 1446(b)(2)(A), SMAI consents to this Notice of Removal.  *See Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (holding that one defendant's timely removal notice containing an

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

averment of the other defendants' consent and signed by an attorney of record is sufficient to effectuate a notice of removal).  SMC and SMAI are the only named defendants in this matter, so consent by any other party is not required to effectuate removal.

11.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of SMC's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

**A.     The Amount in Controversy Requirement is Met**

12.     While Plaintiff does not state the amount of damages he claims in the Complaint, it is facially apparent from the Complaint's allegations that the amount in controversy exceeds $75,000, exclusive of interest and costs.

13.     The removing party carries the initial burden to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015), quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).  "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 135 S. Ct. at 553.

14.     Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted).  But a defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead the required amount.  Absent the



SANDERS
ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

facial showing of the amount-in-controversy in the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegations regarding the amount in controversy are challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. Further, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

15.     SMC disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, SMC can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy exceeds $75,000. *Id.*

16.     The Complaint alleges that on June 27, 2018, Plaintiff collided with a guard rail while riding a 2004 Suzuki GSX-R 1000 motorcycle with an alleged brake defect. Complaint ¶ 9-10. Plaintiff alleges the following causes of action against Defendants: (1) strict product liability design defect; (2) strict product liability failure to warn; (3) negligence; and (4) breach of implied warranties. *Id.* ¶¶ 47-95.

17.     Plaintiff alleges severe bodily injuries, including a broken left arm/elbow, three broken lumbar vertebrae, and a right broken ankle. *Id.* ¶ 12. Plaintiff claims he suffers and continues to suffer painful injuries for which he has sought and continues to seek medical treatment. *Id.* Plaintiff seeks several categories of damages, including general damages, medical and other special damages, loss of earnings and loss of earning capacity, punitive damages, costs of suit and prejudgment interest. *Id.* at 15.

18.     If Plaintiff were to prove his claims, his medical expenses alone

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

would necessarily amount to several thousands of dollars.  Additionally, Plaintiff's damages could amount to several times more in punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (amount in controversy calculation includes punitive damages). Furthermore, Plaintiff's potential damages would include reasonable attorney's fees.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d1150, 1156 (9th Cir. 1998)

19.     Thus, the total amount-in-controversy will far exceed $75,000. Therefore, Plaintiff's claims satisfy the amount in controversy requirement.

**B.     Diversity of Citizenship Exists Notwithstanding Plaintiff's Fraudulent Joinder of SMAI**

20.     Plaintiff is, and was at the time he commenced this action, an individual residing in California.  In the Complaint, Plaintiff does not state his place of residence, but only that he "is a competent adult."  Complaint ¶ 1. However, in prior filings in this case, Plaintiff described himself as "an Orange County, CA resident."  Plaintiff's Motion for Remand, Page 2, Lns. 15-17. Plaintiff's cryptic pleading in his complaint thus appears to have been an attempt to avoid diversity jurisdiction in Federal court.  Diversity jurisdiction under 28 U.S.C. § 1332 requires complete diversity, i.e. every plaintiff must be diverse from every defendant.  An action may nonetheless be removable if the plaintiff's joinder of the non-diverse parties is fraudulent.  Stated differently, the inclusion of defendants solely for the purpose of destroying complete diversity will not defeat removal on diversity grounds.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

21.     SMC is, and was at the time Plaintiff commenced this action, a Japanese corporation.

22.     SMAI is, and was at the time Plaintiff commenced this action, a California corporation.  However, Plaintiff fraudulently joined SMAI in this case

SR

SANDERS
ROBERTS

1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

in order to defeat diversity jurisdiction and prevent removal of this action to federal court.  *See In re Briscoe*, 448 F. 3d 201, 217 (3d Cir. 2006) ("[fraudulent joinder exists where] there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.").  The Ninth Circuit explained that "fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

23.     Here, Plaintiff improperly named SMAI in order to defeat diversity jurisdiction.  SMAI's only relation to the matter at hand is that it purchased certain assets of American Suzuki Motor Corporation ("ASMC") (a now-defunct entity that distributed the subject motorcycle) pursuant to an Asset Purchase Agreement ("APA"),.  When ASMC underwent bankruptcy proceedings, the Honorable Scott C. Clarkson, United States Bankruptcy Judge, oversaw the sale of ASMC's assets and the discharge of its liabilities and obligations.  In the course of those proceedings, Judge Clarkson reviewed and confirmed ASMC's Plan of Liquidation and the sale of certain of ASMC's assets to SMAI pursuant to the APA. In doing so, Judge Clarkson made extensive factual findings.  The Liquidation Plan, Asset Purchase Agreement Bankruptcy Court Order, and the Findings of Fact identify the assets that SMAI purchased, as well as the liabilities it assumed.  Furthermore, the bankruptcy court confirmed and approved the Asset Purchase Agreement which expressly stated that SMAI did not assume the kind of liabilities that Plaintiff claims here.

24.     At the time Plaintiff filed this case, Plaintiff's counsel was already aware of all the foregoing, because they previously brought a similarly situated case against SMAI.  Previously, Plaintiff's counsel brought the case of *Soulierre v. Suzuki Motor of America, Inc.*, Case No. 30-2015-00790644-CU-PL-CJC

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

("*Soulierre*").  In *Soulierre*, the Orange County Superior Court ruled against the plaintiff and granted SMAI's motion for summary judgment by holding, with deference to the bankruptcy court rulings and findings, that SMAI was not a proper defendant.  Indeed, the court in *Soulierre*, in granting SMAI's motion for summary judgment, found that "Suzuki Motor America Inc, cannot be held liable as a successor corporation." Accordingly, SMAI is an improper party to this lawsuit. Knowing that to be the case, Plaintiff nevertheless fraudulently joined SMAI in order to defeat federal diversity jurisdiction.

25.     Notably, on August 31, 2020 and prior to SMC's filing of this Notice of Removal, SMAI filed a motion for sanctions in the Superior Court of California, County of Orange, against Plaintiff and Plaintiff's counsel based on Plaintiff's complaint's claims against SMAI, all of which are inappropriate as a matter of law because SMAI is an improper party.

26.     For the reasons stated above, there is diversity of citizenship between Plaintiff, an individual residing in Orange County, California, and SMC, a Japanese corporation.  Although SMAI is a California corporation, Plaintiff fraudulently joined, so this Court does have subject matter  jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

## CONCLUSION

27. Consequently, SMC may remove the State Action to this Court in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California; and (ii) the Court has jurisdiction over Plaintiff's claims based on diversity of citizenship and the amount in controversy.


Dated:  October 2, 2020          **SANDERS ROBERTS LLP**


By:  /s/ Reginald Roberts, Jr.
Reginald Roberts, Jr., Esq.
Attorneys for Defendants
SUZUKI MOTOR CORPORATION and
SUZUKI MOTOR OF AMERICA, INC.



SANDERS
ROBERTS
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Marilyn Perez-Garcia, declare as follows:  I am a citizen of the United States, over 18 years of age and am not a party to the within action. My place of employment and business address is 1055 W. 7th Street, Suite 3200, Los Angeles, CA 90017, which is located in the County of Los Angeles where the service took place.

On October 2, 2020, I served the foregoing document described as:

**DEFENDANT SUZUKI MOTOR CORPORATION'S NOTICE OF REMOVAL**

on all interested parties in this action by placing a true copy thereof enclosed in sealed envelopes addressed as stated in the attached service list:



☐ **VIA MAIL**  I am readily familiar with this office's practice for collection and processing of correspondence for mailing with the U.S. Postal Service.  Per that practice the within correspondence will be deposited with the U.S. Postal Service on the same day shown on this affidavit in a sealed envelope with postage fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in this affidavit.

☐ **VIA FACSIMILE**  I caused such document to be transmitted via facsimile to the addressee(s) from the facsimile machine of Sanders Roberts LLP whose fax number is **(213) 234-4581** . No error was reported by the machine and pursuant to Rule 2008(e)(3), I caused the machine to print a record of the transmission.

☒ **VIA ELECTRONIC MAIL**  I caused a PDF version of the documents to be transmitted by electronic mail to the party(s) identified on the attached service list using the e-mail address(es) indicated.  I did not receive, within a reasonable time after transmission, any electronic message or other indication that the transmission(s) were unsuccessful.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 2, 2020, at Los Angeles, California.

| Marilyn Perez-Garcia | *Marilyn Perez-Garcia* |
|---|---|
| (Type or print name) | (Signature) |

- i -

CERTIFICATE OF SERVICE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SERVICE LIST

*Erriton Hall vs. Suzuki Motor Corporation, et al.*
O.C.S.C – Case No.: 30-2020-01130663-CU-PL-CJC

THE SIMON LAW GROUP, LLP          Attorneys for Plaintiffs
Robert T. Simon, Esq.                      ERRITON HALL
Travis E. Davis, Esq.
Edwin Hong, Esq.
1327 N. Broadway
Santa Ana, CA 92706
Tel.: (855) 855-8910
Fax: (714) 916-5051
Email:
      Robert@thesimonlawgroup.com
      Robert@JusticeTeam.com
      Travis@justiceteam.com
      Edwin@justiceteam.com
      veronica@justiceteam.com

**SANDERS ROBERTS**
1055 W. 7TH STREET
SUITE 3200
LOS ANGELES, CA 90017

CERTIFICATE OF SERVICE