Electronically Filed by Superior Court of California, County of Orange, 02/07/2020 12:41:46 PM.
30-2020-01130663-CU-PL-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Edwards, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUZUKI MOTOR CORPORATION, SUZUKI MOTOR OF
AMERICA, INC., a California Corporation, and DOES 1 through
100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERRITON HALL, an individual

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court, Orange County<br>Central Justice Center<br>700 W. Civic Center Drive, Santa Ana, CA 92702 | CASE NUMBER:<br>*(Número del Caso):*<br>30-2020-01130663-CU-PL-CJC<br>Judge Walter Schwarm |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robert T. Simon (SBN: 238095); Travis E. Dasis (SBN: 291776); Edwin Hong (SBN: 325586)
The Simon Law Group, LLP, 1327 N. Broadway, Santa Ana, CA 92706; Tel: 855-855-8910 ; Fax: (714) 916-5051

| | | | |
|---|---|---|---|
| DATE: 02/07/2020<br>*(Fecha)* | DAVID H. YAMASAKI,<br>Clerk of the Court | Clerk, by<br>*(Secretaria)* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

Jessica Edwards

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SUZUKI MOTOR OF AMERICA, INC.
   a California corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 3-5-2020

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 02/07/2020 12:41:46 PM.
30-2020-01130663-CU-PL-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Edwards, Deputy Clerk.

**THE SIMON LAW GROUP, LLP**
Robert T. Simon (SBN: 238095)
Travis E. Davis (SBN: 291776)
Edwin Hong (SBN: 325586)
1327 N. Broadway
Santa Ana, CA 92706
Tel: 855-855-8910
Fax: 714-916-5051

Attorneys for Plaintiff, Erriton Hall

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE

| | |
|---|---|
| ERRITON HALL, an individual; | Case No.: 30-2020-01130663-CU-PL-CJC |
| | Judge Walter Schwarm |
| Plaintiff, | Unlimited Civil |
| vs. | COMPLAINT FOR DAMAGES  - PERSONAL INJURY |
| SUZUKI MOTOR CORPORATION, SUZUKI MOTOR OF AMERICA, INC., a California Corporation, and DOES 1 through 100, inclusive, | 1) STRICT PRODUCTS LIABILITY – DESIGN DEFECT<br>2) STRICT PRODUCTS LIABILITY – FAILURE TO WARN<br>3) NEGLIGENCE, and,<br>4) BREACH OF IMPLIED WARRANTIES |
| Defendants. | PRAYER FOR PUNITIVE DAMAGES |
| | **JURY TRIAL IS DEMANDED** |

Comes now plaintiff ERRITON HALL, and for causes of action against the defendants, and each of them, alleges as follows:

### ALLEGATIONS REGARDING THE PARTIS, JURISDICTION AND VENUE

1.     Plaintiff ERRITON HALL is a competent adult. As further described below, plaintiff was injured as a result of the failure of his brakes to engage when another vehicle failed to provide the right of way, causing plaintiff to lose control of his vehicle and collide into the at-fault vehicle.

2.     Defendant Suzuki Motor Corporation (hereafter, "SMC") is a corporation that has done and is doing business within California, including in the County of Orange.

1

COMPLAINT FOR DAMAGES – PERSONAL INJURY

3.      Defendant Suzuki Motor of America, Inc. (hereafter, "SMAI") is a corporation that has done and is doing business within California, including in the County of Orange.

4.      The amount in controversy exceeds the "limited jurisdiction" of the Superior Court. Accordingly, this matter is filed within the "unlimited" civil jurisdiction of this Court.

5.      Venue is proper in this Court, as one or more defendants resides within this County and judicial district, and/or is subject to suit in this County for having failed to designate a principal place of business within the State of California in the records of the Secretary of State, and/or that one or more tortious acts, omissions or injuries causing damage to Plaintiff occurred within this County and judicial district.

6.      The true names and capacities of the defendants sued under the fictitious names of "DOE 2" through "DOE 100" are not presently known to Plaintiff.  Plaintiff will seek to amend the complaint to substitute the true names of said defendants in place of these fictitious names when and if those identities are ascertained.

7.      Plaintiff is informed and believes that the defendants named in this complaint (including those designated by fictitious name) are liable to the Plaintiff for the injuries and damages alleged in this complaint by virtue of each of said defendant's negligent acts or omissions, strict liability, product liability, vicarious or imputed liability, breach of contract or warranty, misrepresentations, and/or other legal fault.

8.      Plaintiff is informed and believes that at the time of the harmful acts, omissions, breaches and events alleged in this complaint, each defendant was acting as the agent, employee, servant, partner, officer, director, alter ego, and/or joint adventurer of the other, within the course and scope of that relationship, so as to render liable each such defendant's corresponding principal, employer, master, partner, or joint adventurer.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.      On or about June 27, 2018, in the City of Lynchburg, Virginia, plaintiff was riding a 2004 Suzuki GSX-R 1000 motorcycle (herein "GSXR"), VIN JS1gt76a652108403, which he had purchased in a private sale.

COMPLAINT FOR DAMAGES – PERSONAL INJURY

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 ~ Fax: 855-855-8910

10.    At around 4:21 pm, Plaintiff was riding the GSXR northbound on Route 29, in Lynchburg, Virginia. Plaintiff attempted to apply his brakes, so that he could slow his speed as he approached the Odd Fellows Road exit ramp.    However, Plaintiff's brakes did not respond appropriately to control inputs and it became apparent that his brakes were inoperative.  Plaintiff was unable to stop the GSXR, and ultimately lost control, colliding with the guard rail nearby. Notably, there were no indications of pre-collision skid marks from the Suzuki.  Plaintiff on the GSXR violently collided with the guardrail, ejecting him from the GSXR.  The violent collision caused plaintiff's body to be forcefully driven into the ground in a ravine several feet below the guardrail.

11.    The GSXR malfunctioned unexpectedly while the GSXR was being used by plaintiff in a reasonably foreseeable fashion.

12.    Plaintiff sustained bodily injuries, including to his upper and lower extremities, as a result of the incident. In particular, plaintiff suffered a broken left arm/elbow, three broken lumbar vertebrae, and a right broken ankle.  Plaintiff has and continues to suffer painful injuries for which plaintiff has sought and continues to seek medical treatment.  Plaintiff continues to suffer pain, discomfort, annoyance and inconvenience due to the injuries he sustained as a result of the incident.

13.    Plaintiff has sought and continues to seek examination, advice and treatment by and from healthcare providers as a result of the incident and its ensuing injuries. He has incurred and will incur substantial expenses and damages, including for medical examination, diagnosis, treatment, medication and physical therapy.

14.    Plaintiff has suffered and will suffer economic and non-economic damages as a result of the injuries arising from the incident and fault of defendants, in an amount according to proof at the time of trial (or default proceedings). Plaintiff's losses include (without limitation): economic damages for healthcare related expenses as well as loss of earnings and loss of earning capacity; future medical damages related to future expected medical care and treatment; non-economic damages for pain, suffering, and inconvenience as a result of the incident, in addition to general damages.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

**FIRST CAUSE OF ACTION**

(Strict Products Liability – Design Defect)

**Against All Defendants**

15.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint into this Cause of Action and each of its Counts.

16.     The GSXR—inclusive of its component parts, subassemblies and assemblies, and the waiver, instructions, and literature included with the product at the time of its sale—is referred to herein as the "GSXR."

17.     The GSXR is further identified as follows: a Suzuki GSXR 1000 motorcycle, also described as a "GSXR 1000", a two-wheeled, engine driven gasoline-powered vehicle constructed of a metallic frame and plastic aesthetic fairing enclosing an internal combustion engine, drive chain and other mechanical components.

18.     Plaintiff was the owner and user of the GSXR.

19.     Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 1 through 25 distributed, marketed, advertised and/or sold the GSXR to the public, or otherwise placed the GSXR into the stream of commerce.

20.     Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 26 through 40 promoted, marketed, solicited on behalf of, and provided access to the GSXR.

21.     Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 41 through 55 promoted, marketed, inspected, tested, maintained, certified, provided access to and/or approved the GSXR as safe and fit for public consumption.

22.     Plaintiff alleges that the GSXR which he was riding at the time of the incident was defectively designed and unreasonably dangerous.

23.     Plaintiff claims that the GSXR's design was defective because the product did not perform as safely as an ordinary consumer would have expected it to perform.

24.     Plaintiff was harmed as a consequence of the above-noted failures of the GSXR.

25.     The GSXR's failure to perform safely when used in the intended or reasonably foreseeable way was a substantial factor in causing Plaintiff's harm.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

**SECOND CAUSE OF ACTION**

(Strict Products Liability – Failure to Warn)

**Against All Defendants**

26.     Plaintiff is informed and believes that each of the defendants knew the GSXR would be sold and used without inspection for defects.

27.     Plaintiff is informed and believes that the GSXR was defective in its design and/or manufacture when it left the control of each defendant.

28.     The GSXR had potential risks that were known or knowable light of the scientific, medical, engineering and/or technical knowledge that was generally accepted in the community at the time of the sale of the GSXR.

29.     The potential risks presented a substantial danger when the GSXR was used in an intended or reasonably foreseeable way.

30.     Ordinary consumers would not have recognized the potential risks.

31.     Plaintiff is further informed and believes as follows: The GSXR at the time of injury was being used in the manner intended by the defendants or in a manner that was reasonably foreseeable by defendants as involving a substantial danger not readily apparent.   Adequate instructions and warnings for use of the GSXR, and sufficient warnings of the danger attendant use of the GSXR, were not given.

32.     Plaintiff is informed and believes that the defective nature of the GSXR—including the absence of adequate warnings and instructions—was a substantial factor in causing the incident and the plaintiff's injuries and damages.

**THIRD CAUSE OF ACTION**

(Negligence)

**Against All Defendants**

33.     Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 1 through 100 negligently designed, manufactured, assembled, inspected, tested, sold, leased, distributed, advertised, rented, maintained and/or marketed the GSXR.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

COMPLAINT FOR DAMAGES – PERSONAL INJURY

34. Plaintiff is informed and believes that the defendants to this Count negligently provided, or failed to provide, adequate pre- and post-purchase support of the GSXR, including with regard to writing, issuing or approving instructions, manuals, warnings, notices and product literature,

35. Plaintiff is informed and believes that the defendants to this Count negligently provided, or failed to provide, adequate pre- and post-purchase support of the GSXR, including with regard to preventative maintenance, product recalls, software updates, hardware updates, daily maintenance, and warranty related maintenance.

36. Plaintiff is informed and believes that the defendants to this Count were negligent with regard to their acts and omissions concerning the issuance of, or failure to issue, instructions, information, advice, product recall and warnings necessary and advisable for the safe and reliable use of the GSXR.

37. Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 2 through 100 knew or reasonably should have known that the GSXR was dangerous or likely to be dangerous when used in a reasonably foreseeable manner.

38. Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 2 through 100 became aware of this defect after the GSXR was sold.

39. Plaintiff is informed and believes that defendants SMC, SMAI and DOE's 2 through 100 failed to timely recall the GSXR.

40. Plaintiff is informed and believes that a reasonable manufacturer, distributor, and or seller under the same or similar circumstances would have timely recalled the GSXR.

41. The negligence and fault of the defendants, including the failure to timely recall the GSXR, was a legal cause and substantial factor of the incident and of the injuries and damages resulting from it.

///
///
///
///

COMPLAINT FOR DAMAGES – PERSONAL INJURY

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

**FOURTH CAUSE OF ACTION**

(Breach of Implied Warranties)

**Against All Defendants**

42.     Plaintiff is informed and believes that the GSXR was not merchantable at the time of purchase.

43.     Plaintiff is informed and believes that the GSXR was not of the same quality as those generally accepted in the trade, and/or was not fit for the ordinary purposes for which such goods are used.

44.     At the time of purchase, these Defendants were in the business of selling and distributing the GSXR and its product line and held themselves out as having special knowledge of skill regarding motorcycles.

45.     Plaintiff was harmed as a result of the failure of the GSXR to have the expected qualities.

46.     The failure of the GSXR to have the expected quality and be fit for its ordinary purpose was a substantial factor in causing Plaintiff's harm.

**PRAYER FOR PUNITIVE DAMAGES**

**Against Defendants SUZUKI MOTOR OF AMERICA, INC. and**

**SUZUKI MOTOR CORPORATION**

47.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint into this prayer as if fully set forth at length herein.

48.     Defendants Suzuki Motor Corporation ("SMC") and Suzuki Motor of America, Inc. ("SMAI"), based upon the foregoing allegations, and the allegations hereinafter set forth, each engaged in a course of conduct which involved malice, oppression, and/or fraud.

49.     The front brake master cylinder on the subject 2004 Suzuki GSXR motorcycle was defectively designed and/or defectively manufactured as alleged above. Specifically, the brake piston in the front brake master cylinder was subject to corrosion, which generated gas in the brake system, which, in turn reduced the braking power of the front brakes.

50.     This brake defect caused SMC, through its wholly owned American subsidiary, SMAI, to recall approximately 210,228 Suzuki GSX-R units, including the subject 2004 Suzuki GSXR. The recall affected all 2004-2013 Suzuki GSX-R600, 2004-2013 Suzuki GSX-R750, and 2004-2013 Suzuki GSX-R 1000 motorcycles.

51.     On or about June 27, 2018, the Plaintiff, while riding the 2004 Suzuki motorcycle, attempted to engage the front brake of the 2004 Suzuki when attempting to exit the highway.  The front brakes failed, in that there was no braking power which prevented the Plaintiff from stopping before crashing into that vehicle.

52.     The Plaintiff suffered catastrophic injuries in the June 27, 2018 crash as more fully alleged above.

53.     SMC, through SMAI, notified the National Highway Traffic Safety Administration ("NHTSA") of the recall on October 18, 2013 ("the Untimely NHTSA Notification"). The front brake defect, alleged above, was the defect SMC identified to NHTSA as being the problem that was the subject of the recall.

54.     SMC, through SMAI, did not notify Plaintiff of the recall until months after his June 27, 2018 crash.

55.     The Plaintiff's crash was a direct result of the front brake defect that was the subject of the October 18, 2013 recall.

56.     As will be alleged with specificity below, Defendant SMC, and its wholly-owned subsidiary SMAI, was well aware, years prior to Plaintiff's June 27, 2018 vehicular collision ("Collision"), that there existed a front brake master cylinder ("FBMC") defect that decreased front braking power on Suzuki GSX-R's, including the 2004 Suzuki that Plaintiff was riding at the time of the Collision.

57.     As will be alleged with specificity below, SMC and SMAI maliciously, oppressively, and/or fraudulently (as defined by Civil Code section 3294) failed to timely notify NHTSA or the general public, including the Plaintiff, of the FBMC defect in Suzuki GSX-Rs.

58.     The October 18, 2013 recall was the first notice or warning given by SMC and/or SMAI to the public of the alleged FBMC defect. This notice was not timely. The timing of this notice,

COMPLAINT FOR DAMAGES – PERSONAL INJURY

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

1    months after discovering the alleged defect, constitutes malicious, oppressive, and/or fraudulent

2    conduct as defined by Civil Code section 3294.

3          59.    The federal rules and regulations, as applied by NHTSA, required Defendant SMC

4    and SMAI to notify NHTSA of the FBMC defect and/or decreased front braking power on its GSX-

5    R motorcycles, including the 2004 Suzuki at issue, within five (5) days of identifying it.

6          60.    Defendants SMC and SMAI possessed actual knowledge of the FBMC defect

7    associated with the 2004 Suzuki and maliciously, oppressively, and/or fraudulently delayed

8    notification to NHTSA and thus violated federal law.

9          61.    As will be alleged below, Defendants SMC and SMAI delayed the recall of the subject

10   GSX-Rs for financial reasons, putting their profits before the safety of the riders of their

11   motorcycles as well as the general public and/or pedestrians who could be injured by riders of their

12   motorcycles.

13         62.    Even after Defendants SMC and SMAI recognized the defective FBMC and

14   associated problems, and well before issuing the Untimely NHTSA Notification, Defendant SMC

15   quietly redesigned the FBMC for the new and forthcoming generation of GSX-Rs, but kept this

16   hidden so as not to alert NHTSA.

17         63.    In as much as employees and/or agents of Defendants SMC and SMAI engaged in

18   the cover-up of the defective FBMC, and thus, the nondisclosure to NHTSA of the front brake

19   problems identified in the Untimely NHTSA Notification, at the same time, the officers, and/or

20   directors, and/or managing agents of Defendants SMC and SMAI knowingly participated in the

21   cover-up and/or delay and thereby condoned, ratified, or consented to the egregious conduct.

22         64.    In Defendants SMC and SMAI's Untimely NHTSA Notification, dated October 18,

23   2013, Defendants SMC and SMAI advise NHTSA that the first report of the front brake problem

24   was received in May 2009. This statement by Defendants SMC and SMAI to the United States

25   government, via NHTSA, is incorrect. The first known front brake problem actually occurred in

26   Germany in March 2007, almost two (2) years earlier, with a GSX-R, and Defendant SMC received

27   a report on May 15, 2007. The March 2007 incident is internally acknowledged by Defendant SMC

28   as the first report.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

65.     However, the 2007 brake incident and several other cases tied to the subject GSX-R front brake problem were not included in Defendants SMC and SMAI's official chronology of events in the untimely NHTSA notification.

66.     In Defendants SMC and SMAI's Untimely NHTSA Notification, said Defendants were not forthright with NHTSA. Defendants SMC and SMAI advised NHTSA, through the Untimely NHTSA Notification, that there were no reports of injuries. However, Defendants SMC and SMAI were aware of at least one case where there was a loss of front brake pressure with the rider crashing into a guard rail. This information was, in fact, provided by American Suzuki Motor Corporation (which essentially became SMAI at a later date) to Defendant SMC in or around November 2012, almost one (1) year prior to the Untimely NHTSA Notification.

67.     Defendant SMC's design department insisted that the front brake issues were not safety issues because: (i) the loss of brake pressure occurred gradually over a long period of time and not while the vehicle was moving, and (ii) the motorcycle user can detect the brake pressure loss by doing a pre-operation inspection. In direct contrast, Defendant SMC was aware of at least five (5) cases where front brake pressure was lost while the motorcycle was moving. Additionally, Defendant SMC was also aware, based on a survey of Defendant SMC's employees in April 2013, and through the observations of Defendant SMC's employees in the company parking lot in or around June 2013, that all users do not test the front brakes before operating the Suzuki motorcycles.

68.     In 2011 — 2012, American Suzuki Motor Corporation, a then wholly owned American subsidiary corporation of Defendant SMC, recognized that the front brake failures/deficiencies were serious safety issues. American Suzuki Motor Corporation possessed a greater sense of urgency about the subject GSX-R front brake problems than Defendant SMC. American Suzuki Motor Corporation urged Defendant SMC to do more to investigate the front brake issue and act quickly.

69.     In November 2011, almost two (2) years prior to the Untimely NHTSA Notification, a report from American Suzuki Motor Corporation described the problem as an issue of sudden

COMPLAINT FOR DAMAGES -- PERSONAL INJURY

1    brake pressure loss. Further, the same report discusses from the field that bleeding the front brakes

2    on the GSX-R solves the problem on the spot but the problems reoccur after a few days.

3          70.     In December 2012, the vice president of American Suzuki Motor Corporation

4    advised Defendant SMC, who was visiting the United States through an SMC employee, that the

5    front brake problem was very dangerous, that it was a recall matter, and that it was a matter which

6    affects people's lives.

7          71.     In February 2013, American Suzuki Motor Corporation advised Defendant SMC that

8    United States Suzuki dealerships were concerned about liability (possibility of lawsuits) because

9    the dealerships were aware that bleeding the front brake system, alone, does not solve the problem

10    with the front brakes, and the problem could reoccur, but that bleeding was what they were told to

11    do when problem motorcycles were brought in for repair.

12          72.     As early as September 2012, over one (1) year prior to the Untimely NHTSA

13    Notification, Defendant SMC, through its design department, was aware that the location of the

14    reservoir port on the GSX-R's, including the 2004 Suzuki motorcycle at issue, (horizontally on the

15    side of the front brake master cylinder) was a factor causing the front braking problem. Quietly,

16    Defendant SMC, without notifying NHTSA, made a decision to change the position of the port on

17    the front brake master cylinder in the forthcoming next model GSX-R. In this regard, Defendant

18    SMC decided to change the design of the FBMC for the next upcoming generation of GSX-R models,

19    but intentionally refused to officially undertake any remedies/notifications to NHTSA about the

20    existing GSX-R vehicles, currently in the market.

21          73.     Some seven (7) months prior to the Untimely NHTSA Notification, an email dated

22    March 15, 2013, indicates that Defendant SMC did not attempt to recover as many problem GSX-

23    Rs as possible to facilitate the cause investigation due to the desire for secrecy.

24          74.     Instead, Defendant SMC operated on the belief that it should not arouse suspicion

25    in customers and dealers. The same email also advises that the recovery rate will increase if a

26    bulletin is issued, but that the bulletin regarding the redesign of the FBMC cannot be issued to the

27    public because it must be submitted to NHTSA. This evidences intentional conduct by Defendant

28    SMC to cover up the known brake defect on the subject GSX-R for reasons of profit.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

75.    As further evidence of intentional conduct to cover up and delay the recall of the FBMC problems on the subject GSX-Rs, a draft service manual bulletin about GSX-R750L4 and GSX-R600M (new generation GSX-R models) described a design change in the structure of the new front brake master cylinder. Defendant SMC was concerned that, if the bulletin was issued, a copy would be sent to NHTSA and it would be clear that the structure of the FBMC was changed while the recall was delayed. Intentionally, Defendant SMC made a decision to withhold the issue of the bulletin about the FBMC changes for the new GSX-R models.

76.    As early as September 2012, years before Plaintiff was injured in the Collision, Defendant SMC's design department made a decision to change the location of the FBMC reservoir port for the next forthcoming generation of GSX-Rs claiming the change was solely for improvement. However, Defendants SMC and SMAI did not issue a recall on the existing FBMCs, which were in the market, until October 2013.

77.    In February 2013, years before the Collision, a management level employee of Defendant SMC advised that the recall could not be conducted in the spring because Suzuki dealers in the United States are extremely busy. Thus, the Suzuki dealers would be busy with the sales season, and the sales of Defendant SMC's products (which are imported by Defendant SMAI) would be adversely affected by the recall. Accordingly, the recall must be delayed.

78.    Years before the Collision, in March 2013, Defendant SMC visited Nissin's (the brake manufacturer's) plant in China and discovered issues with respect to the front brake piston in the FBMC.

79.    The FBMC piston, on the subject GSX-R, undergoes a coating process before the front brake system is assembled. In the production process, Defendant SMC discovered that air pockets were forming in the spring hole of the FBMC piston leaving an exposed and uncoated area.

80.    Even though Defendants SMC and SMAI were aware of this problem as early as May 2013, and ultimately made decisions to rectify the front brake piston coating problem, Defendants SMC and SMAI still did not issue the Untimely NHTSA Notification (through SMAI) until October 2013, some six (6) months later.

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

81.     Internal SMC documents indicate that, in 2011 - 2013, despite knowing of a structural FBMC defect, Defendant SMC, deceptively, sought to blame the riders of its motorcycles for the issue by pinning the brake problems on poor bleeding and/or maintenance. This is malicious, oppressive, and/or fraudulent conduct on the part of Defendant SMC.

82.     In an email exchange between SMC management in April 2013, after Defendant SMC knew of the FBMC defect, but long before the Untimely NHTSA Notice, an SMC manager / officer acknowledges that the FBMC defect was a serious safety issue. He further acknowledges that an active response and recall is warranted. He notes, however that the public and dealers believe that this is a maintenance issue and are unaware of true nature of defect. He then goes on to conduct a cost-benefit analysis of conducting a recall, in light of the fact that the motorcycle riding and purchasing public does not know that there is anything structurally wrong with the FBMC of Suzuki GSX-Rs. He describes the legal consequences of not conducting a recall. However, he also lists a number of merits of not conducting a recall, and demerits of conducting recall. In doing so, he states that if a recall is not implemented "Suzuki will not incur costs." As negative effects of conducting a recall he notes, inter alia, (1) enormous costs, (2) lawsuits for past accidents, (3) effects on race sponsorships, and (4) deterioration of Suzuki's sale image. As alleged above, a recall was not conducted until several months later, evidencing a delay of the recall, in violation of federal law, which was undertaken for financial motives at the risk of motorcycle riders, like the Plaintiff, who were unaware of the FBMC defect.

83.     Nissin, the brake manufacturer, met with Defendant SMC executives on August 9, 2013, to discuss the FBMC braking deficiencies. At this time Defendant SMC and SMAI delayed notification of the defect to NHTSA, permitting Nissin more time, Nissin advising SMC that it was not convinced that the recall was logical.

84.     In addition, Nissin further requested that Defendant SMC provide until the end of December 2013 to conduct more tests, and Defendant SMC agreed even though Defendant SMC was aware that the front brake issues affected the life, safety and rights of persons exposed to the defective FBMCs on the subject GSX-Rs.

COMPLAINT FOR DAMAGES – PERSONAL INJURY

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

85. Even though Nissin was pushing for a delay or total avoidance of the NHTSA recall, Defendants SMC and SMAI were simultaneously motivated by financial gain.

86. Defendants SMC and SMAI intentionally delayed the recall beyond the spring of 2013 so as not to interfere with sales of Suzuki units during the peak sales season, and thereby reduce their income. This is malicious, oppressive, and/or fraudulent conduct on the part of SMC and SMAI.

87. Defendants SMC and SMAI failed to comply with federal law by untimely issuing the Untimely NHTSA Notification, even after the China trip where problems were discovered in the coating process. As a manufacturer (SMC) and importer (SMAI), both Defendants were required under NHTSA's regulatory scheme to timely issue a notification to NHTSA. They both failed to do so, all the while knowing that the dangerous, safety-related defect would be detrimental to human lives if not addressed, and said failure was malicious, oppressive, and/or fraudulent conduct.

88. Defendant SMC knew for almost two (2) years prior to the Untimely NHTSA Notification that bleeding the brakes by dealers or owner/operators would not remedy the defect but continued to pursue this course of action/blame the customer until the end. This is malicious, oppressive, and/or fraudulent conduct on the part of SMC.

89. Defendant SMC redesigned the FBMC months and months before the Untimely NHTSA Notification, but kept it quiet so as not to arouse suspicion by customers and NHTSA. This is malicious, oppressive, and/or fraudulent conduct on the part of SMC.

90. SMC and SMAI knew that their failure to notify NHTSA and the public of the FBMC defect alleged above, and their other acts and omissions described in this Count, were wrongful conduct.

91. SMC and SMAI knew that there was a high probability that its failure to notify NHTSA and the public of the FBMC defect alleged above, and their other acts and omissions described in this Count, would result in injury or death to people riding GSX-R's, including the Plaintiff.

92. SMC and SMAI knew that there was a high probability that its failure to notify NHTSA and the public of the FBMC defect alleged above, and their other acts and omissions

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

described in this Count, would result in injury or death to citizens and/or pedestrians by people riding GSX-R's when their front brake became ineffective or inoperative.

93.     The failure of SMC and SMAI to notify NHTSA and the public of the FBMC defect alleged above, and their other acts and omissions described in this Count, was conduct so reckless or wanting in care that it constituted a willful and knowing disregard of the rights or safety of others.

94.     The aforementioned conduct, of the officers and/or managers and/or officials and/or employees and/or agents of Defendants SMC and SMAI, as well as the corporate entities of Defendants SMC and SMAI, evidence malicious, oppressive, and/or fraudulent conduct, to which all of the aforementioned participated, which ultimately resulted in damage to Plaintiff.

95.     Based upon the foregoing, Defendants SMC and SMAI are liable for punitive damages to Plaintiff in an amount to be determined by the jury.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment in his favor and against each of the defendants, as follows:

1.   General damages according to proof at the time of trial;

2.   Medical and other special damages, past, present and future, according to proof at the time of trial;

3.   Loss of earnings and loss of earning capacity, according to proof at the time of trial;

4.   For punitive damages, according to proof at the time of trial;

5.   Costs of suit incurred herein;

6.   For prejudgment interest as may be applicable under the law and facts, including pursuant to sections 3287, 3288, and 3291 of the Civil Code, and section 998 of the Code of Civil Procedure; and,

7.   For such other and further relief as the court may deem just and proper.

DATED: February 5, 2020                    **The Simon Law Group, LLP**

By: _____
    Travis E. Davis, Esq.
    Attorneys for Plaintiff, Erriton Hall

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

**A JURY TRIAL IS HEREBY DEMANDED**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Plaintiff, ERRITON HALL hereby demands trial by jury in the above-entitled matter.

DATED: February 5, 2020                    **The Simon Law Group, LLP**

By:

Travis E. Davis, Esq.
Attorneys for Plaintiff, Erriton Hall

COMPLAINT FOR DAMAGES – PERSONAL INJURY

THE SIMON LAW GROUP, LLP
34 Hermosa Ave.
Hermosa Beach, CA 90254
Tel: 855-855-8910 – Fax: 855-855-8910

Electronically Filed by Superior Court of California, County of Orange, 02/07/2020 12:41:46 PM.
30-2020-01130663-CU-PL-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Jessica Edwards, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Robert T. Simon, Esq. SBN 238095; Travis E. Davis, Esq. SBN 291776 Edwin Hong, Esq. SBN: 325586 The Simon Law Group, LLP 1327 N. Broadway, Santa Ana, CA 92706 | |

TELEPHONE NO.: 855-855-8910          FAX NO.: 714-916-5051
ATTORNEY FOR *(Name):* Plaintiff, Erriton Hall

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE
STREET ADDRESS: 700 W. Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92702
BRANCH NAME: Central Justice Center

CASE NAME:
Erriton Hall v. Suzuki Motor Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: 30-2020-01130663-CU-PL-CJC |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | Limited (Amount demanded is $25,000 or less) | Counter ☐    Joinder ☐ Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Walter Schwarm DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ✓ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✓ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):*
5. This case ☐ is  ✓ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 6, 2020

Travis E. Davis
_____
(TYPE OR PRINT NAME)              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

CM-010 [Rev. July 1, 2007]                                **CIVIL CASE COVER SHEET**                                                Page 2 of 2

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the
ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint,
an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR
and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to
any applicable local court rules and directions for contacting any  court  staff
responsible for providing parties with assistance regarding  ADR.

(3) Information about the availability of local dispute resolution  programs  funded
under the Dispute Resolutions Program Act  (DRPA),  in  counties  that  are
participating in the DRPA. This information may take the form of a list of  the
applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR
process.

(b) A court may make the ADR Information Package available on its website as long as
paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant
along with the complaint. Cross-complainants must serve a copy of the ADR
Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> Cases for Which Arbitration May Not Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> Cases for Which Mediation May Not Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                                   STATE:          ZIP CODE:<br>TELEPHONE NO.:                    FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | **For your protection and privacy, please press the Clear This Form button after you are done printing this form.** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor -- Newport Beach Facility -- 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North -- 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West -- 8141 13th Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and  defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date:_____   _____   _____
                      (SIGNATURE OF PLAINTIFF OR ATTORNEY)   (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date:_____   _____   _____
                      (SIGNATURE OF DEFENDANT OR ATTORNEY)   (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use                                           California Rules of Court, rule 3.221
L1270 (Rev. March 2019)

PERSONAL SERVICE ON

MAR 0 5 2020

R. HERNANDEZ