**UNITED STATES DISTRICT COURT**     JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01911-DOC-DFM     Date: December 6, 2020

Title: ERRITON HALL V. SUZUKI MOTOR CORPORATION ET AL.

PRESENT:

**THE HONORABLE DAVID O. CARTER, JUDGE**

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [19]**

Before the Court is Plaintiff Erriton Hall's ("Plaintiff") Motion to Remand Case to Orange County Superior Court ("Motion") (Dkt. 19). The Court previously found this matter appropriate for resolution without oral argument. *See* Dkt 32. Having reviewed the papers submitted by the parties, the Court **GRANTS** Plaintiff's Motion.

**I. Background**

    **A. Facts**

The following facts are drawn from the original Complaint in this action (Dkt. 1, Ex. A). This action concerns injuries Plaintiff suffered in a motorcycle crash in Lynchburg, Virginia, while operating his 2004 Suzuki GSX-R1000 motorcycle ("the Subject Motorcycle"). Compl. ¶¶ 9–12. Plaintiff alleges that the front brakes of the Subject Motorcycle failed when he attempted to engage the brakes while exiting a highway, and that "there was no braking power which prevented the Plaintiff from stopping before crashing into [a] vehicle." *Id.* ¶ 51. Plaintiff brings claims for the following causes of action: (1) strict product liability design defect, (2) strict product

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01911-DOC-DFM                                      Date: December 6, 2020
                                                                     Page 2

liability failure to warn; (3) negligence; and (4) breach of implied warranties. *Id.* ¶¶ 15–46. Plaintiff additionally seeks punitive damages. *Id.* ¶¶ 47–95.

### B. Procedural History

Plaintiff originally filed suit in the Superior Court of California, County of Orange. *See* Compl. at 2. Defendant Suzuki Motor of America, Inc. ("SMAI") previously removed the case to this Court on the basis of federal question jurisdiction. The Court remanded the case back to the Superior Court of California finding a lack of subject matter jurisdiction on that basis. *Erriton Hall v. Suzuki Motor of America, Inc. et al.*, 20-cv-00670-DOC-DFM, Dkt. 19 (C.D. Cal.). Defendant Suzuki Motor Corporation ("SMC") filed a Notice of Removal on October 2, 2020. Plaintiff filed the instant Motion to Remand (Dkt. 19) on October 28, 2020. Defendants SMC and SMAI filed an Opposition ("Opp'n") (Dkt. 23), and Plaintiff submitted his Reply (Dkt. 31) on November 16, 2020.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). A federal court may order remand for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01911-DOC-DFM								Date: December 6, 2020
																Page 3

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106–07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 20-01911-DOC-DFM                                                     Date: December 6, 2020
Page 4

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c).

## III. Discussion

Defendants argue that this Court has diversity jurisdiction in this action. Plaintiff disagrees, arguing that the parties are not diverse because SMAI is a California corporation. Defendants concedes that SMAI is a California corporation but argue that SMAI is fraudulently joined to defeat diversity. Dkt. 1, Notice of Removal ¶¶ 19–26.

"There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)). "Fraudulent joinder is established the second way if a defendant shows that an 'individual[ ] joined in the action cannot be liable on any theory.'" *Id.* (quoting *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)). "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir.2003) (per curiam)). Defendants seeking removal based on fraudulent joinder must overcome both "the strong presumption against removal jurisdiction" and the "general presumption against fraudulent joinder." *Id.* (citation omitted).

For purposes of fraudulent joinder, Defendants are unable to show Plaintiff cannot establish a possible negligence claim against SMAI. SMAI purchased assets from American Suzuki Motor Corporation during a bankruptcy proceeding. During that purchase SMAI discharged some liabilities and assumed others. One such liability that SMAI assumed through the Asset Purchase Agreement is "all Liabilities relating to the ownership or operation of the Purchased Assets or the Acquired Business to the extent such Liabilities arise solely after the Closing Date." *In re American Suzuki Motor Corp.*,

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 20-01911-DOC-DFM　　　　　　　　　　　　　　　Date: December 6, 2020
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 5

12-bk-22808, Dkt. 1260 § 2.5 (C.D. Cal.).[1] As made clear by his claim for punitive damages, Plaintiff might prove negligence based on an untimely recall notice of his motorcycle in October 2013 or through Defendants' failure to notify Plaintiff of the recall until after his 2018 crash. *See* Compl. ¶¶ 47–95. Both of these events occurred after the closing date on which SMAI assumed liability. While SMAI might argue that these liabilities did not emerge solely after the closing date, to determine the merits of this argument would require a "searching inquiry into the merits of plaintiff's case," which is inappropriate for the purposes of fraudulent joinder. *Grancare*, 889 F.3d at 548–49. Accordingly, the Court finds SMAI was not fraudulently joined and remands this case to the Orange County Superior Court.

　　　When remanding a case, a court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *see also Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015). Typically, a court may only award fees and costs when "the removing party lacked an objectively reasonable basis for seeking removal." *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). In making this determination, courts should look at whether the removing party's arguments are "clearly foreclosed" by the relevant case law. *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066–67 (9th Cir. 2008). The Ninth Circuit has further clarified that "removal is not objectively unreasonable solely because the removing party's arguments lack merit," *id.* at 1065, though a court need not find the removing party acted in bad faith before awarding fees under § 1447(c), *Moore v. Permanente Med. Grp.*, 981 F.2d 443, 446 (9th Cir. 1992).

　　　Here, while the Court finds that removal was improper, the Court concludes that it was not so inconceivable as to meet the "objectively unreasonable" standard. As a result, the Court declines to award Plaintiff attorneys' fees.

---

[1] The Court takes judicial notice of the relevant documents in this bankruptcy proceeding that the parties did not lodge on the docket, including the Asset Purchase Agreement.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---:|
| Case No. SA CV 20-01911-DOC-DFM | Date: December 6, 2020 |
| | Page 6 |

## IV. Disposition

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand. The case is remanded to Orange County Superior Court. Defendants' motion to change venue (Dkt. 17) is **DENIED** as moot.

The Clerk shall serve this minute order on the parties.

| | |
|---|---:|
| MINUTES FORM 11 | Initials of Deputy Clerk: kd |

CIVIL-GEN